UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                                                        EX PARTE

BILLY CAMPBELL HARDING (3)                CASE NO: WDQ-02-0381

## AMENDED RESTITUTION REQUEST

COMES NOW, Billy Campbell Harding, in want of counsel, petitioning this court for an Amended Restition Order pursuant to 18 U.S.C. §3572(d) et seq. seeking review of the restitution order due to the court's failure in it's duty pursuant to the statutory factors in 18 U.S.C. §§ 3663, 3664. The court's failure has made enforcement draconian and is in fact an econonmic hardship upon the defendant in his efforts to make payments toward the obligation.

## BACKGROUND

Defendant was found guilty of the Second Superceding Indictment (paper 33) after a plea of not guilty of Conspiracy to Commit Bank Robbery, Bank Robbery and Using Carrying, Brandishing & Possessing a firarm during & in relation to a crime of violence and, Aiding & Abetting. The court imposed a total term of imprisonment of Ninety-Six (96) years. During sentencing the court found that the defendant was inable to pay a fine but without any reasoning imposed restitution in the full amount of sixty-nine thousand, two hundred twenty-one dollars, forty seven-cents ($69,221.47) to be paid immediately.

## ARGUMENT

The circumstances of the imposed restitution upon the defendant remains clearly within this court's subject matter jurisdiction for paying restitution for pecuniary losses as a result of the alleged criminal offenses. 18 U.S.C. §3663A(a)(1);

§3663A(c)(1). The court in imposing the restitution ordered the amount of $69,221-.47 to be paid immediately but failed in its duty to set any type of payment schedule. The court has a wide discretion in this matter and should have determined it should have been paid by:

(a) lump sum, (b) Schedule payments, (c) nominal payments (d) percentage (due to payments by other co-defendants) and (e) deferred payments or Off Set

The court's silence has made the Bureau of Prison's set its own method of payment thereby requiring the defendant to submit half of any and all funds within his account on a monthly basis specifically his earned wages. However, at the sentencing juncture, the court found that the defendant had an inability to pay a fine but otherwise entered the order of restitution. Accordingly, to the MVRA this is an error supported by the statute. The court itself is required to specify the manner and schedule of payments-means without delegating this function. Although, not specifically made the court's silence delegated the Bureau of prisons to set the method of payment which inherantly is a economic harship. Thus, this request is submitted within the authority and scope of 18 U.S.C. § 3664(f). Therefor, the court impermissibly delegated its responsibility ignoring the statutory payment factors set forth in § 3664(f)(2)(A)-(C) and the defendant request the court to intercede and amend the restitution order. See United States v. Miller, 77 F3d 71, 77 (4th Cir. 1996) (improper delegation of authority to establish installment amount and timing of fine) and United States v. Johnson, 48 F3d 806, 808 (4th cir. 1995) (district court cannot delegate its responsibility for determining installment payments) 18 U.S.C. §3663(f)(1).

## MODIFICATION OF RESTITUTION

The court is requested to exercise its duty in accordance with §3663(f)((1) an §3663(a)(1)(B) and provide an amended restitution order. The court is aware that the defendant had a negative net worth and monthly cash flow of zero. The record

void of any findings by the court on whether the defendant would be able in the foreseeable future of a potential income to rely upon. Given the sentence imposed, the addition of the substantial restitution may be cruel and unusual punishment. The defendant has a limited educational background and hardly any vocational training. Although, these facts do not totally support any reason why restitution should not have been entered under current law but are factors than can be considered for revision where circumstances make enforcement impossible or draconian. United States v. Blanchard, 9 F3d 22 (6th cir. 1993).

Defendant request that the court modify or completely dismiss the restitution imposed. However, the defendant wishes the court to consider the following facts when modifying the restitution order:

(1) To attribute to him the percentage for his cause of the pecuniary loss which total $26,045.99 (twenty-six thousand, forty-five dollars, ninety-nine cents). Whereas, First Federal Credit Union involved a loss of $27,073.47 and one other defendant making the defendant responsible for half ($13,537.00); Old line National Bank involved $8,550.00 with only "two" other defendants involved making the defendant responsible for a third ($2,850); Farmers Bank of Maryland involved $28,563.00 with all defendants involved making the defendant responsible for a fourth ($7,140.75) and; Key Bank and Trust involved a loss of $5,035.00 with only one of the defendants making the defendant responsible for half ($2,517.05).

Congress has authorized joint and several liability for restitution in cases involving joint criminal endeavors. 18 U.S.C. § 3664(h). The court has the authority to impose joint liability on all defendants in different amounts.

(2) To consider financial resources and dependants.

As the court must consider, the defendant is serving a substantial sentence and his institutioanl earnings cannot be a major factor in determining his earning potential. ( See Attached Affidavit)

3.

Secondly, the defendant has three children in which he is liable for in their continued welfare. In order for this to be effective, the mothers' of these children expect the defendant to be in continuous contact and play a role in their support even assisting with expenses for visiting. This duty is even encumbant upon the defendant through his religious faith as a muslim. (See Attached Affidavits)

(3) To Order special installments:

The defendant asserts that he is enable to provide payments at a monthly rate and any order which demands such would cause him a hardship where prison officials would subject him to adverse treatment in the event he becomes inable to pay. He is without the eduacational credential to earn wages outside the Prison Industry which is not a work detail readily assessible due to waiting list and its demand of exceptional disciplinary free conduct. Although he is currently employed, with the Prison Industry known as Unicore. It operates on a certain prescribed basis and in the event that he is enable to work within the Industry he would be enable to meet any definate payment schedule where he has no other reliable sources.

(4) Set-Off

The defendant avers that the court must consider a set-off where he has worked within society and plans to work again in his anticipated release. However, the court can collect for any future monetary awards he may acquire.

Wherefore based on the foregoing the defendant respectfully request this court to set a payment schedule in accordance with the statute and thereto order the Bureau of Prisons to comply with the ruling made through this motion..

Respectfully submitted,

Billy Campbell Harding
Billy Campbell Harding
Reg. No. 40440-037
USP Allenwood

4.

Dated 8/21/08                            P.O. Box 3000
                                         White Deer, Pa 17887

cc. file

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

          V.

BILLY CAMPBELL HARDING (3)

EX PARTE

CASE NO: WDQ-02-0381

## DECLARATION OF BILLY CAMPBELL HARDING

I BILLY CAMPBELL HARDING depose and says:

1. I am the defendant in the above captioned case.

2. I am making this declaration in support of my request for an Amended restitution Order.

3. I am incarcerated within the Federal Bureau of Prisons (BOP) located at United States Penitentiary Allenwood in Allenwood Pennsylvania.

4. The court on August 28, 2003, imposed full restitution upon me in the amount of $69,221.47 for the victims of my criminal offense.

5. The court failed to set a payment schedule for the restitution and the BOP has established an installment amount and timing based on the restitution order which accompanied the judgment and commitment order for my criminal conviction.

6. I am employed with the BOP Industries called Unicore and earn a net pay averaging $85.00 a month in which half is forcibly taken for payment towards the restitution order. (See Attachment A) and (Attachement B)

7. Non-compliance of allowing that half of my prison wages would subject me to adverse consequences such as loss of job, restrictions and other priviledges.

8. My prison wages are encumbered at half my pay without regard for any other obligations such as dependants[1], personal amenities or legal needs.

9. I receive minimal gifts from family or reletives averaging $350.00 a year.

---

1. See Affidavits of the mothers of my depeandants attached at C & D

10. I have three dependants in which the payment schedule formed by the BOP does not allow for me to provide for in a reasonable manner.

11. Working within the prison's Unicore Industry is the only means of a fair earning potential, however, due to my limited education and learning ability I am attending school which my pay grade is restricted because of.

12. Prison policy demands that I save 40% of my pay wage which I am enable due to the BOP's formulation of the payment schedule for the court imposed restitution.

13. The payment plan developed by the BOP for the restitution is too steep and is an economic hardship subjecting me to cruel and unusual punishment.

14. Prison officials refused to adjust their self imposed payment schedule and claim it act upon the authority of this court in collecting the restitution.

15. I am entitled to relief by this court due to the court's obligation by the statute to set a payment schedule which would meet my financial ability.

16. Thus, I request this court to provide a modest payment schedule and order the BOP to abide by this court's guidelines for payment toward the restitution.

17. Otherwise, I request the court to provide a set-off as to the restitution imposed in this case.

Pursuant to the penalty of perjury, 28 U.S.C. §1746, I declare that the foregoing is true and correct to the best of my belief.

Dated 8/21/08

s/ Billy Campbell Harding
Billy Campbell Harding