IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BILLY CAMPBELL HARDING,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

Crim. No. ELH-02-0381
Related Civil No. ELH-19-1111

**MEMORANDUM**

This Memorandum resolves a fourth post-conviction petition filed by Billy Campbell Harding under 28 U.S.C. § 2255. ECF 254 (the "Petition"). Harding, who is self represented, has also filed a Motion to Stay Proceedings, pending the Supreme Court's decision in *United States v. Davis*, which has since been decided. 139 S. Ct. 2319 (2019). ECF 253 (the "Motion"). The government has moved to dismiss the Petition. ECF 260. And, Harding filed a response. ECF 263.

No hearing is necessary to resolve the Motion or the Petition. For the reasons that follow, I shall deny the Motion as moot and dismiss the Petition.

### I.    Procedural and Factual Background[1]

On August 22, 2002, Harding and others were indicted on a charge of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; eight counts of bank robbery or attempted bank

---

[1] The case was initially assigned to Judge Benson E. Legg. It was reassigned to Judge William D. Quarles, Jr. Due to the retirement of Judge Quarles, the case was reassigned to Judge J. Frederick Motz. Then, on April 15, 2019, due to Judge Motz's retirement, it was reassigned to me. *See* Docket.

Given the age of the case, filings prior to August 25, 2008, are not accessible electronically, with the exception of a transcript filed on February 9, 2004, at ECF 126. However, I have reviewed the Chambers files of the judges.

robbery, in violation of 18 U.S.C. § 2113; and numerous counts of using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). ECF 1. A Superseding Indictment was filed on October 31, 2002 (ECF 18) and a Second Superseding Indictment was filed on January 23, 2003. ECF 33.

Of relevance here, Harding was charged in Count One with conspiracy to commit bank robbery. In Count Two, he was charged with robbery of a credit union on January 11, 2002, with the use of a dangerous weapon. Count Three charged him with brandishing a firearm in connection with the robbery specified in Count Two. Count Six charged Harding with bank robbery on March 11, 2002, by use of a dangerous weapon. Count Seven charged him with brandishing a firearm during that offense. Count Eight charged a bank robbery on March 29, 2002, through use of a dangerous weapon. Count Nine charged Harding with brandishing a firearm in connection with that robbery. Count Ten charged Harding with attempted bank robbery on May 14, 2002, by use of a dangerous weapon. And, Count Eleven charged brandishing a firearm during that offense. Counts Twelve and Thirteen charged attempted armed robbery of a bank on May 24, 2002. Counts Fourteen and Fifteen charged armed bank robbery on May 28, 2002. Counts Sixteen and Seventeen charged armed bank robbery on June 22, 2002. Counts Eighteen and Nineteen charged armed bank robbery on July 3, 2002. Counts Twenty and Twenty-One charged armed bank robbery on July 15, 2002. Counts Twenty-Two and Twenty-Three charged an armed bank robbery on July 29, 2002.

Harding proceeded to trial before the Honorable William D. Quarles, Jr. and a jury, beginning on June 11, 2003. *See* Docket. Following a six-day trial, the jury convicted Harding of conspiracy to commit bank robbery, five bank robberies or attempted bank robberies, and four counts of using or carrying a firearm in relation to a crime of violence, *i.e.* Counts One, Two,

Three, Six, Seven, Twelve, Thirteen, Sixteen, Seventeen, and Twenty-Two. The jury found Harding not guilty of the remaining three bank robberies or attempted bank robberies, as well as two gun offenses (Counts Eight, Nine, Ten, Eleven, Twenty).

A judgment of conviction was entered on September 2, 2003. ECF 110. The Court sentenced Harding to a total sentence of incarceration of ninety-six years. *Id.*

Thereafter, Harding appealed to the Fourth Circuit. ECF 111. The Fourth Circuit affirmed, in an opinion issued on July 1, 2004. ECF 130. The Mandate issued on July 23, 2004. ECF 131.

On October 3, 2005, Harding filed his first Motion to Vacate under 28 U.S.C. § 2255. ECF 145. Judge Quarles denied the petition on January 31, 2006. ECF 152. Harding moved for a Certificate of Appealability on March 9, 2006 (ECF 159), which was denied by Judge Quarles on March 15, 2006. ECF 162. Harding appealed the denial of the Certificate of Appealability on or about March 29, 2006. *See* Docket. On July 27, 2006, the Fourth Circuit affirmed the district court's denial of the Certificate of Appealability and dismissed Harding's appeal of the denial of the Motion to Vacate. ECF 169. The Mandate issued on September 19, 2006. ECF 171.

On March 20, 2009, Harding filed a second Motion to Vacate under 28 U.S.C. § 2255. ECF 188. The second Motion to Vacate was dismissed on March 31, 2009, for lack of jurisdiction, because Harding had not obtained the necessary pre-filing authorization from the Court of Appeals, as required for a successive § 2255 petition. ECF 189; ECF 193-1. The court directed the Clerk to provide Harding with an information packet for requesting the pre-filing authorization for a successive motion to vacate. *Id.* The Fourth Circuit affirmed the district court's ruling on July 30, 2009. ECF 194. The Mandate issued on September 21, 2009. ECF 195.

On September 22, 2014, Harding filed a third motion to vacate under 28 U.S.S. § 2255. ECF 218. On February 8, 2016, Judge J. Frederick Motz, to whom the case was then assigned (*see*

Docket, January 29, 2016), dismissed the motion for lack of jurisdiction, because Harding had again failed to obtain pre-filing authorization from the Fourth Circuit for the successive petition. ECF 231.

The Federal Public Defender was appointed to represent Harding on March 28, 2016, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF 234. However, the Federal Public Defender subsequently sought to withdraw (ECF 238-1), and that request was granted on June 8, 2016. ECF 238. Thereafter, on June 30, 2016, the Fourth Circuit denied Harding's Certificate of Appealability. ECF 240.

Harding filed his fourth Petition on April 12, 2019, again without pre-filing authorization from the Fourth Circuit. ECF 254. Harding claims that the rulings of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); and *United States v. Davis*, 139 S. Ct. 2319 (2019), as well as the Fourth Circuit's decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc), render the definition of "crime of violence" contained in 18 U.S.C. § 924(c) unconstitutionally vague. Therefore, he contends that he is entitled to be resentenced. Moreover, he maintains that he "has met the prongs under 28 U.S.C. § 2255(f)(3), which allows this Court to consider his motion" without pre-authorization, because he is relying on "a right recognized by the Supreme Court after his judgment became final" on January 31, 2006. ECF 263 at 2.

## II. Discussion

### A.

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. §2255, Congress imposed "stringent limitation[s] on a federal prisoner's ability to bring a 'second or successive' post-conviction motion pursuant to § 2255." *United States v. Emanuel*,

4

288 F.3d 644, 647 (4th Cir. 2002). First, the AEDPA requires that a successive § 2255 motion "must be certified…by a panel of the appropriate court of appeals…" 28 U.S.C. § 2255(h); *see also United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). Second, the court of appeals may only certify a successive § 2255 motion if the petitioner (1) has newly discovered evidence or (2) relies "on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings." *Emmanuel*, 288 F.3d at 647; *see also* 28 U.S.C. § 2255(h). Thus, even if there were merit to Petitioner's claim that the Supreme Court has deemed 18 U.S.C. § 924(c) as unconstitutionally vague, Congress has expressly stated that the successive § 2255 petition cannot be heard without certification from the appropriate appellate court.

In this case, petitioner has failed to obtain prior authorization from the Fourth Circuit to file his successive Petition. Without such pre-filing authorization, "the district court lacks jurisdiction to consider a [successive] application…" *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *see also* 28 U.S.C. § 2255. In other words, the statute does not dispense with the pre-filing authorization requirement even if a new right has been recognized by the Supreme Court.

Petitioner has filed three prior § 2255 petitions. The current Petition, filed on April 12, 2019, is a successive petition for the purpose of § 2255. And, Harding has not obtained pre-filing authorization from the Fourth Circuit, despite the fact that he clearly has knowledge that a Certificate of Appealability is required, given the history of the case.

Accordingly, § 2255(h) requires this Court to dismiss Petitioner's successive Motion to Vacate for lack of jurisdiction.

**B.**

In any event, Petitioner's claim fails on its merits, because the Fourth Circuit has clearly held that bank robbery falls within the force clause of 18 U.S.C. § 924(c). *See United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016).

Petitioner argues that Counts Three, Seven, Thirteen, and Seventeen are not crimes of violence "because the predicate offense is Count 1," which charged conspiracy to commit armed bank robbery. ECF 263 at 3. But the facts are otherwise.

Under 18 U.S.C. § 924(c), a person who uses or carries a firearm "during and in relation to any crime of violence" or who possesses a firearm "in furtherance of any such crime" may be separately convicted of *both* the underlying crime of violence *and* the use, carrying, or possession of that firearm. Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(A) is referred to as the "force clause" and § 924(c)(3)(B) is referred to as the "residual clause." *See*, *e.g.*, *United States v. Walker*, ___ F.3d ___, 2019 WL 3756052, at *1 (4th Cir. Aug. 9, 2019). The residual clause, however, has been rendered invalid by the Supreme Court, as unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019). But, the force clause has not been deemed unconstitutional.

Harding asks the Court to find that 18 U.S.C. § 924(c)(3)(A) is unconstitutionally vague because the statute's definition of "crime of violence" resembles the definition in the Immigration and Nationality Act, and the definition of "violent felony" in the Armed Career Criminal Act, both of which the Supreme Court found unconstitutional, in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018),

6

and *Johnson v. United States*, 135 S. Ct. 2551 (2015), respectively. However, where courts have held that a crime falls within the force clause of the federal criminal code's definition of "crime of violence," 18 U.S.C. § 924(c)(3)(A), the conviction remains valid after *Davis*, *Dimaya*, and *Johnson*. *See id.*

It is clear that the Supreme Court's recent rulings concerning the definitions of violent crimes pertained only to the residual clause, such as 18 U.S.C. § 16(b) and 18 U.S.C. § 924(c)(3)(B). *See Dimaya*, 138 S. Ct. at 1204, 1223 ("Our opinion in *Johnson*…spoke of the longstanding 'trouble' that this Court and others had in 'making sense of [ACCA's] residual clause.'"); ("[J]ust like the ACCA's residual clause, § 16(b) 'produces more unpredictability and arbitrariness than the Due Process Clause tolerates.'"). Thus, the force clause is unaffected by *Johnson*, *Dimaya*, and *Davis*.

Moreover, despite Petitioner's claim that armed bank robbery may fall under the residual clause, the Fourth Circuit held in *McNeal* that "armed bank robbery is…a crime of violence under the force clause" of § 924(c). *McNeal*, 818 F.3d at 157. And, notwithstanding Harding's claims, he was convicted not only of conspiracy to commit bank robbery, but also of four substantive offenses of bank robbery and corresponding counts of use of a firearm. *See* ECF 110.

In *McNeal*, two defendants convicted of conspiracy, armed bank robberies, and brandishing firearms during crimes of violence challenged their convictions. They claimed that *Johnson* compelled the conclusion that armed bank robbery was not a "crime of violence" because it fell under the residual clause. The Court rejected this contention, stating, *id.* at 154: "[Defendants] assert…that *Johnson* rendered unpersuasive the earlier authorities concluding that § 2113(a) bank robbery is a crime of violence. *Johnson*, however, is entirely consistent with those

authorities. Bank robbery under § 2113(a) requires either 'force and violence' or 'intimidation.' A combination of force and violence qualifies as violence force…."

Therefore, armed bank robbery falls within the force clause and remains unaffected by *Johnson*, *Dimaya,* or *Davis*.

### III.  Conclusion

I shall deny the Motion as moot and dismiss the Petition.  A Certificate of Appealability shall not issue.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

Harding has failed to satisfy this standard.  Therefore, a certificate of appealability shall not issue.  An Order follows.

Date:  September 3, 2019                                                                                      /s/
                                                                                         Ellen L.  Hollander
                                                                                         United States District Judge